UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER GAMBLE,

    Plaintiff,                      CIVIL ACTION NO. 14-CV-12291

vs.                                  DISTRICT JUDGE DAVID M. LAWSON

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Alexander Gamble seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) The matter has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (Docket no. 3.)

**I.**    **Recommendation**

For the reasons discussed herein, the undersigned recommends that this matter be dismissed, without prejudice, for failure to prosecute pursuant to E.D. Mich. Local Rule 41.2.

**II.**    **Discussion**

On May 20, 2015, this matter was transferred, pursuant to Administrative Order 15-AO-033, to a three-judge panel for consideration of a global stay and an inquiry into Plaintiff's counsel's representation. The matter was stayed as part of a global stay on June 9, 2015. (Docket no. 12.)

On October 19, 2015, pursuant to Administrative Order 15-AO-045, the matter was

transferred back to the original District Judge; the matter was then reassigned to Judge Lawson. On October 14, 2015, the three-judge panel ordered Plaintiff's counsel to send a letter to Plaintiff that would (i) advise that the firm would no longer represent Plaintiff; (ii) advise that Plaintiff would have 60 days to obtain new counsel or Plaintiff would be deemed to be proceeding pro se; (iii) set forth the names of three independent lawyers whom Plaintiff could retain if desired; and (iv) provide information regarding return or transfer of files. (Docket no. 13.)

New Counsel has not appeared on Plaintiff's behalf in this matter, so on January 28, 2016, the Court lifted the stay in this matter, removed Plaintiff's counsel, and continued the referral to the undersigned for all pretrial purposes. (Docket no. 15.) The Court noted that "the magistrate judge may furnish a report and recommendation on the previously-filed motions for summary judgment" and that "[t]he report and recommendation is requested by March 1, 2016." (*Id.* at 2.)

On February 4, 2016, the undersigned entered an Opinion and Order striking the existing Motions for Summary Judgment (docket nos. 9 and 10) as insufficient for the purposes of making a decision in this matter and entering a new scheduling order for the parties to file new motions. (Docket no. 16.) The undersigned also noted that under Fed. R. Civ. P. 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."). Thus, the Court cautioned Plaintiff that a failure to comply with its order and submit a timely Motion for Summary Judgment may result in a recommendation that this matter be dismissed for failure to prosecute or for failure to comply with the Court's Order.

On February 11, 2016, the Court's January 28, 2015 Opinion and Order was returned as

undeliverable. (Docket no. 17.) The Court's February 4, 2016 Order was returned as undeliverable on February 23, 2016. (Docket no. 18.) Pursuant to E.D. Mich. Local Rule 11.2:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. [And i]f there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, *which may include dismissal*, default judgment, and costs.

E.D. Mich. L.R. 11.2 (emphasis added). Plaintiff has failed to keep his address up to date in this matter. Nevertheless, the undersigned notes that Plaintiff was represented by counsel and that because Plaintiff never received the Court's Order removing counsel, Plaintiff may not have been aware of this responsibility. Thus, the Court attempted to locate Plaintiff through a general internet search and through social media. The Court was unable to locate any new information related to Plaintiff's location. Plaintiff's address on file—920 Hancock, Saginaw, Michigan, 48602—appears to be his last known address.

With the exception of the Court's review related to Plaintiff's former counsel, this matter has been sitting dormant since the parties filed their initial Motions in October of 2014, nearly 18 months ago. Plaintiff has filed nothing with the Court since that time and does not appear to have inquired with his former counsel or the Court regarding this matter. Under Fed. R. Civ. P. 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."). Accordingly, the undersigned recommends that the instant complaint be dismissed for failure to prosecute.

**IT IS SO ORDERED**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   March 11, 2016          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served on Plaintiff Alexander Gamble and on counsel of record on this date.

Dated:   March 11, 2016          s/ Lisa C. Bartlett
                                 Case Manager

4